UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEREMY JEROME MOORE,

      Petitioner,

      v.                  Case No. 2:14-cv-275-FtM-29CM
                          Case No. 2:06-cr-8-FtM-29SPC

UNITED STATES OF AMERICA,

      Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Docs. ## 1, 2; Cr. Docs. ## 82, 83)[1] (the Petition or Motion) filed on May 19, 2014. Petitioner alleges that he was improperly sentenced under the Armed Career Criminal Act (ACCA) because: (1) his prior Florida convictions for sale of cocaine and robbery no longer qualify as a "serious drug offense" or "violent felony" respectively under the ACCA in light of Descamps v. United States, 570 U.S. 254 (2013); and (2) his three prior robbery convictions should have been considered a single conviction because he was sentenced at the same time for all three offenses. The government filed its

_____

[1] The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

Response in Opposition to Motion (Cv. Doc. #11) on July 24, 2014, and petitioner filed a Reply (Cv. Doc. #12) on August 29, 2014.

On July 30, 2015, petitioner filed an Omnibus Motion (Cv. Doc. #13) seeking, among other things, leave to amend and supplement his petition in light of Johnson v. United States, 560 U.S. ___ , 135 S. Ct. 2551 (2015). The Court denied this request on November 18, 2015 (Cv. Doc. #16) based on Eleventh Circuit authority finding Johnson was not retroactive.

On June 26, 2016, petitioner filed a Motion For Leave to Add Supplemental Claim (Cv. Doc. #29), asserting that Welch v. United States, 136 S. Ct. 1257 (2016) had recently held Johnson was retroactive to pending § 2255 petitions. Over the government's objection (Cv. Doc. #31), and after considering petitioner's Reply (Cv. Doc. #37), the Court granted leave to add the Johnson issue (Cv. Doc. #38). Petitioner, through counsel, filed a Supplemental Memorandum (Cv. Doc. #39) on May 12, 2017. The Supplemental Memorandum raised the additional claim that petitioner's robbery convictions, even if not consolidated but considered as individual convictions, were not "violent felonies" under the ACCA in light of Johnson. The government was allowed to respond (Cv. Doc. #38), but did not do so.

## I.    Procedural History

On January 18, 2006, a federal grand jury in Fort Myers, Florida returned a one-count Indictment charging petitioner with

- 2 -

possession of a firearm by a convicted felon, in violation of 18
U.S.C. § 922(g)(1). (Cr. Doc. #1). The statutory maximum penalty
for such an offense is normally ten years imprisonment. 18 U.S.C.
§ 924(a)(2). The Indictment, however, listed five prior felony
convictions, all from the state of Florida: one conviction for
sale or delivery of cocaine, one conviction for possession of
cocaine, and three convictions for robbery. (Cr. Doc. #1). The
Indictment cited 18 U.S.C. § 924(e), which provides for a sentence
enhancement to a mandatory minimum of 15 years to life imprisonment
under the ACCA.[2] Petitioner was convicted of the charged offense
following a jury trial. (Cr. Doc. #59).

The Presentence Report found that petitioner qualified as an
armed career offender under 18 U.S.C. § 924(e) based upon one prior
conviction for sale of cocaine and three prior convictions for
robbery. As to the robbery offenses, the Presentence Report stated
that petitioner was arrested on June 16, 2000 for a robbery without
a weapon on April 28, 2000, pled nolo contendere on November 6,
2000, and was sentenced the same day; was arrested on June 16,
2000 for a different robbery on June 16, 2000, pled nolo contendere
on November 6, 2000, and was sentenced the same day; and was

---

[2] While possession of cocaine is a felony under Florida law for
purposes of § 922(g), it is not a "serious drug offense" for
purposes of the ACCA, which requires manufacturing, distributing,
or possessing with intent to manufacture or distribute. 18 U.S.C.
§ 924(e)(2)(A)(ii).

arrested on June 20, 2000 for a June 8, 2000 robbery without a weapon, pled nolo contendere on November 6, 2000, and was sentenced the same day.[3] The Presentence Report calculated the Sentencing Guidelines recommended range of imprisonment as 235 to 293 months.

At the August 28, 2006 sentencing, petitioner objected to the judicial determination (as opposed to a jury determination) that he qualified as an armed career criminal. The District Court overruled the objection (and others), determined that petitioner qualified as an armed career criminal, and sentenced him to a term of imprisonment of 264 months, to be followed by a 48 month term of supervised release. (Cr. Docs. #64, 65.)

Petitioner's conviction and sentence, including his statutory designation as an armed career criminal, were affirmed on direct appeal. United States v. Moore, 241 F. App'x 599 (11th Cir. 2007). Petitioner did not seek certiorari review by the Supreme Court.

---

[3] "Facts contained in a PSI are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court with specificity and clarity. It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes and precludes the argument that there was error in them. Indeed, the defendant's failure to object to conclusory statements in the PSI renders those statements undisputed and permits the sentencing court to rely upon them without error even if there is an absence of supporting evidence." United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009) (internal citations and punctuation omitted).

## II.  Armed Career Criminal Act

Under the ACCA, a defendant found guilty of possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g) is subjected to a mandatory minimum sentence of fifteen years imprisonment if the defendant has three prior convictions for a "violent felony" and/or a "serious drug offense" which were "committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  The statute defines "serious drug offense" to mean--

> (i)    an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or

> (ii)   an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;

18 U.S.C. § 924(e)(2)(A).  The statute defines "violent felony" to mean:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; . . .

18 U.S.C. § 924(e)(2)(B).

The Supreme Court has developed strict procedural rules for determining whether a prior conviction is a qualifying predicate offense under the ACCA. The pertinent rules may be summarized as follows:

(1) The court must apply a "categorical approach" to determine whether a prior conviction is either a "serious drug offense" or a "violent felony" under the ACCA. Taylor v. United States, 495 U.S. 575, 600-01 (1990) (categorical approach applies to determining whether prior conviction was a violent felony); United States v. Robinson, 583 F.3d 1292, 1295 (11th Cir. 2009) (categorical approach applies to determining whether prior conviction was serious drug offense); United States v. White, 837 F.3d 1225, 1229 (11th Cir. 2016) (same).[4]

(2) The categorical approach focuses solely on the elements of the crime of conviction, and ignores the particular facts of the case. Taylor, 495 U.S. at 600-01; Descamps, 133 S. Ct. at 2283;

_____

[4] The Supreme Court also applies the same categorical approach in other areas. E.g., Esquivel-Quintana v. Sessions, 137 S. Ct. 1562 (2017) (determining whether prior conviction is "aggravated felony" under Immigration and Nationality Act); Mellouli v. Lynch, 135 S. Ct. 1980 (2015) (categorical approach used to determine immigration consequences of prior conviction). See also United States v. Vail-Bailon, 868 F.3d 1293, 1296 (11th Cir. 2017) (categorical approach applies under Sentencing Guidelines).

Mathis v. United States, 579 U.S. ––––, 136 S. Ct. 2243, 2248-51 (2016); Robinson, 583 F.3d at 1295.

(3) To determine whether a prior conviction is a "violent felony," the categorical approach requires the court to compare the elements of the statute forming the basis of the defendant's prior conviction with the elements of the generic version of that crime. A conviction under a state statute will only constitute a conviction for the generic offense "if the statute's elements are the same as, or narrower than, those of the generic offense." Descamps, 133 S. Ct. at 2281. Only those prior convictions which categorically fit within the generic definition of a corresponding felony can be an ACCA predicate conviction. Taylor, 495 U.S. at 600-01; Mathis, 136 S. Ct. at 2248.

(4) If the crime of conviction covers more conduct than the generic offense, the Court must identify the "least culpable conduct" prohibited by the statute of conviction, presume that defendant's prior state conviction rested upon "nothing more" than this conduct, and then determine whether that conduct would fall within the generic definition of the crime. Johnson v. United States, 559 U.S. 133, 137 (2010); Moncrieffe v. Holder, 569 U.S. 184, 133 S. Ct. 1678, 1684 (2013); Mathis, 136 S. Ct. at 2248. If the "least of the acts criminalized" by the statute does not fall within the generic definition of the crime, a conviction under

that statute cannot serve as an ACCA predicate offense. <u>Moncrieffe</u>, 133 S. Ct. at 1684.

(5) To determine whether a prior conviction is a "serious drug offense," the categorical approach requires the court to determine whether the prior conviction, as defined under state law, falls within the definition of a serious drug offense set forth in the ACCA. <u>White</u>, 837 F.3d at 1229; <u>United States v. Smith</u>, 775 F.3d 1262, 1267 (11th Cir. 2014).

(6) The comparison of elements that the categorical approach requires is straightforward when a statute is indivisible, i.e., it sets out a single set of elements to define a single crime that are not set forth in the alternative, or "enumerates various factual means of committing a single element." <u>Mathis</u>, 136 S. Ct. at 2249. The court simply lines up that crime's elements alongside those of the generic offense and sees if they match.

(7) Some statutes have a "divisible" structure, however, making the comparison of elements more complicated. A statute is divisible when it lists alternative elements that effectively create several different crimes, rather than merely alternative factual means of committing a single element. <u>Mathis</u>, 136 S. Ct. at 2249.

(8) When a statute is divisible, the court may apply a "modified" categorical approach to determine which alternative version of the elements the defendant was convicted. <u>Mathis</u>, 136

S. Ct. at 2249; Descamps, 133 S. Ct. at 2285; Shepard v. United States, 544 U.S. 13, 26 (2005); White, 837 F.3d at 1229. The modified categorical approach may only be used when the statute criminalizing the underlying conduct is divisible, not when an indivisible statute is at issue. Decamps, 133 S. Ct. at 2281-82; Mathis, 136 S. Ct. at 2249.

(9) Under the modified categorical approach, a sentencing court may "consult a limited class of documents, to determine which alternative formed the basis of the defendant's prior conviction" and then "do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime," Mathis, 136 S. Ct. at 2249; Descamps, 133 S. Ct. at 2281, or determine whether it falls within the definition of "serious drug offense." White, 837 F.3d at 1229.

(10) To determine the elements of a prior conviction under the modified categorical approach, a court "is generally limited to examining the statutory definition [of the offense of the prior conviction], charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard, 544 U.S. at 16.

(11) The Court must analyze "the version of state law that the defendant was actually convicted of violating." McNeill v. United States, 563 U.S. 816, 821 (2011).

### III. Original § 2255 Petition

Read liberally, the original Petition raises the following two claims: (1) Petitioner's prior convictions for sale of cocaine in violation of Fla. Stat. § 893.13(1)(a), and for robbery in violation of Fla. Stat. § 812.13 do not qualify as predicate offenses under the ACCA after <u>Descamps</u> because both state statutes are indivisible statutes which sweep more broadly than generic crimes (Cv. Doc. #2 at 2-3); and (2) petitioner's three robbery convictions only constitute a single conviction under the ACCA because petitioner was sentenced at the same time to a consolidated sentence of imprisonment. (Cv. Doc. #2 at 4.)

The government asserts that these claims are untimely and not cognizable, and that they have been procedurally defaulted. (Cv. Doc. #11 at 4-7). If cognizable and not procedurally barred, the government asserts that the claims are without merit. (Cv. Doc. #11 at 7-11).

Because the motion, files and records of the case conclusively show that petitioner is not entitled to relief in this case, he is not entitled to an evidentiary hearing. 28 U.S.C. § 2255(b).

### A. Timeliness of Claims

The United States argues that the issues raised in the original petition are untimely and therefore that Petition must be dismissed. (Doc. #11 at 4). Petitioner disagrees, asserting the claims are timely under § 2255(f)(3) in light of <u>Descamps</u>, which

- 10 -

announced a new rule. (Cv. Doc. #12 at 2-3). Timeliness must be decided on claim-by-claim approach. <u>Zack v. Tucker</u>, 704 F.3d 917, 924, 926 (11th Cir. 2013) (en banc).

There is a one-year statute of limitations period in which to file a § 2255 motion. 28 U.S.C. § 2255(f). The limitations period begins to run on the latest of four possible triggering dates. 28 U.S.C. § 2255(f)(1)-(4). Typically, the applicable triggering date is "the date on which the judgment of conviction becomes final." <u>Id.</u> § 2255(f)(1). Petitioner's direct appeal was denied on June 29, 2007 (Cr. Doc. #81), and therefore his conviction and sentence became final on September 29, 2007, when the time for seeking certiorari review to the Supreme Court expired. <u>Kaufmann v. United States</u>, 282 F.3d 1336, 1338 (11th Cir. 2002). Thus, petitioner had until September 29, 2008, to file a motion to vacate. Petitioner filed the motion to vacate on May 19, 2014 (Cv. Doc. #1). Obviously, all issues in the original petition were filed well beyond this one year period.

Petitioner contends, however, that the motion to vacate is timely under 28 U.S.C. § 2255(f)(3). Petitioner asserts that his original § 2255 petition is timely because he filed it within one year of the Supreme Court's decision in <u>Descamps</u>, decided on June 20, 2013. (Cv. Doc. #12 at 2-3.)

Section 2255(f)(3) provides that a prisoner may file a motion to vacate within one year of "the date on which the right asserted

was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). "In order for a Supreme Court decision to restart the one-year statute of limitations under § 2255(f)(3), the decision must both (1) recognize a new right and (2) be made retroactively applicable to cases on collateral review." Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017).

While petitioner did indeed file his original Petition within one year of Descamps, the original Petition is nonetheless untimely. The Eleventh Circuit has held "that the issuance of the Descamps decision cannot qualify as a triggering date under § 2255(f)(3)" because, while it is retroactively applicable to cases on collateral review, it did not set out a newly recognized right. Beeman, 871 F.3d at 1219-20. "As a result, a § 2255 movant wishing to raise a Descamps claim cannot rely on subsection (f)(3) as the starting point for the calculation of the limitations period. Instead, he must file his motion within one year of one of the other triggering dates set out in § 2255(f)." Beeman, 871 F.3d at 1220.

Neither of the other two statutory triggering dates apply to petitioner. The original motion to vacate is therefore untimely, and petitioner's original Petition must be dismissed without prejudice.

- 12 -

## B. Cognizability and Procedural Default

The government also suggests that petitioner's claims are not cognizable in a § 2255 proceeding. (Cv. Doc. #11 at 6-7.) Petitioner asserts that the claims are cognizable under Descamps. (Cv. Doc. #12 at 4.)

A person in federal custody may utilize 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence imposed under the ACCA. Spencer v. United States, 773 F.3d 1132, 1143 (11th Cir. 2014) (en banc) ("We can collaterally review a misapplication of the [ACCA] because, unlike an advisory guideline error, that misapplication results in a sentence that exceeds the statutory maximum."). The Court finds that petitioner's challenge to his sentence under the ACCA is cognizable under § 2255.

While cognizable, claims must still not be procedurally defaulted. The government asserts that the claims raised in the original § 2255 petition are procedurally defaulted because they could have been raised on direct appeal but were not. (Doc. #11 at 7).

The Eleventh Circuit recently summarized the general rules concerning procedural default in the § 2255 context:

> Under the procedural default rule, "claims not raised on direct *appeal* may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). This rule generally applies to all claims, including constitutional claims. Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004). The exception

- 13 -

to this general rule is a claim of ineffective assistance of
counsel. <u>See</u> <u>Massaro</u>, 538 U.S. at 504.

There are two exceptions to the procedural default rule, (1)
cause and prejudice, and (2) a "miscarriage of justice, or
actual innocence." <u>See</u> <u>McKay v. United States</u>, 657 F.3d 1190,
1196 (11th Cir. 2011). To meet the first exception, the movant
must show "cause for not raising the claim of error on direct
appeal *and* actual prejudice from the alleged error." <u>Id.</u>
(emphasis in original). Under the actual-innocence exception,
the "movant's procedural default is excused if he can show
that he is actually innocent either of the crime of conviction
or, in the capital sentencing context, of the sentence
itself." <u>Id.</u> "This exception is exceedingly narrow in scope
as it concerns a petitioner's 'actual' innocence rather than
his 'legal' innocence." <u>Johnson v. Alabama</u>, 256 F.3d 1156,
1171 (11th Cir. 2001).

As to cause and prejudice, "the question is not whether legal
developments or new evidence has made a claim easier or
better, but whether at the time of the direct appeal the claim
was available at all." <u>Lynn v. United States</u>, 365 F.3d 1225,
1235 (11th Cir. 2004). To show cause for procedural default,
the petitioner "must show that some objective factor external
to the defense prevented [him] or his counsel from raising
his claims on direct appeal and that this factor cannot be
fairly attributable to [his] own conduct." <u>Id.</u>

<u>Weinacker v. United States</u>, No. 16-17153-E, 2017 WL 5665450, at *3

(11th Cir. June 16, 2017). The Court finds that the claims raised

in the original Petition were available to petitioner on direct

appeal, they were not raised on direct appeal, there was no cause

for the failure and no prejudice to petitioner, and that actual

innocence does not apply.

Petitioner could have raised his substantive <u>Descamps</u> claim[5]

and his consolidation challenge at sentencing and on direct appeal,

---

[5] Although <u>Descamps</u> was not decided until 2013—after petitioner's
direct appeal—<u>Descamps</u> merely reiterated the holding of <u>Taylor v.</u>

but failed to do so.  All the claims were available to petitioner on direct appeal.  Petitioner does not contend that he is innocent of the offense for which he stands convicted and sentenced (felon in possession of a firearm); nor does he argue that he is "innocent" of the underlying predicate offenses that affected his sentencing. Petitioner cannot show cause for the failure to raise the issues on direct appeal, and he has suffered no prejudice because his claims are without merit, as discussed below.  Petitioner asserts legal "innocence" due to an intervening change in the law which precludes the use of these convictions to enhance his sentence under the ACCA, but this is insufficient.  As discussed below, petitioner's legal positions regarding the use of his prior convictions are incorrect.  Thus, the claims raised in the original Petition, even if timely, are cognizable but procedurally defaulted.  According, the original Petition will be dismissed without prejudice.

### C. Merits of Original Petition Claims

Alternatively, even if timely, cognizable, and not procedurally defaulted, the claims set forth in the original Petition fail on their merits.

_____

United States, 495 U.S. 575 (1990), regarding use of the modified categorical approach.  Descamps did not set out a newly recognized right.  Beeman, 871 F.3d at 1220.  Thus, the foundation of a Descamps-type claim on direct appeal was available to petitioner in 2007.

**(1)  "Serious Drug Offense"**

Petitioner contends that his prior conviction for sale of cocaine in violation of Fla. Stat. § 893.13(1)(a) does not qualify as an ACCA "serious drug offense" after Descamps.[6] Petitioner sets forth two arguments.

Petitioner first appears to argue that such a conviction is no longer a "serious drug offense" because Florida law does not require proof that a defendant knew the illicit nature of the controlled substance. (Cv. Docs. #2 at 3; #12 at 5.) The Eleventh Circuit has rejected the argument that the lack of a *mens rea* requirement in Fla. Stat. § 893.13(1)(a) prevents such a conviction from qualifying as a "serious drug offense" under the ACCA. United States v. Smith, 775 F.3d 1262, 1267 (11th Cir. 2014). Accordingly, Smith forecloses petitioner's argument that the use of this conviction to enhance his sentence under the ACCA was improper.

Petitioner's primary argument is that the Florida drug statute is an indivisible statute which encompasses conduct that does not fall within the generic definition of the offense.  Because the

---

[6] In the Supplemental Memorandum, petitioner states that he is not challenging the use of his conviction for sale of cocaine as an ACCA predicate offense. (Cv. Doc. #39 at 1 n.2.) However, in the original Motion to Vacate, petitioner contends that his prior conviction for sale of cocaine does not qualify as a "serious drug offense" under the ACCA (Cv. Doc. #2 at 3), and makes the same argument in his Reply (Cv. Doc. #12 at 5). Accordingly, the Court addresses this claim.

statute sweeps more broadly than the generic crime, petitioner asserts it may not be considered as an ACCA predicate offense after Descamps. Petitioner also argues that it does not categorically qualify as a serious drug offense because the least of the acts criminalized by the statute (delivery) does not fall within the generic definition in § 924(e)(2)(A). (Cv. Docs. #2 at 3; #12 at 5). These arguments are without merit.

Descamps had no such impact on the issue of what offenses can be a "serious drug offense" under the ACCA. The question before the Supreme Court in Descamps was whether the modified categorical approach applies when a state statute of conviction contains a "single, indivisible set of elements" that is broader than the generic version of an enumerated violent felony under the ACCA. Descamps, 133 S. Ct. at 2282. The Supreme Court held that it does not. That holding has no bearing on whether a prior conviction is encompassed by the ACCA's definition of a "serious drug offense." White, 837 F.3d at 1231. Thus, Descamps provides petitioner no basis for relief because the ACCA's definition of a "serious drug offense" played no role in the determination of his sentence. E.g., Cray v. United States, No. 16-16988-F, 2017 WL 5515840, at *3 (11th Cir. Apr. 12, 2017).

The Florida statute under which petitioner was convicted, Fla. Stat. § 893.13(1)(a)(1), is a divisible statute which creates separate offenses for selling, manufacturing, delivering, or

possession with intent to sell, manufacture, or deliver a controlled substance. <u>Spaho v. U.S. Atty General</u>, 837 F.3d 1172, 1177 (11th Cir. 2016). It was undisputed at the sentencing hearing that petitioner was convicted of delivery of a controlled substance. A "serious drug offense" is defined, in relevant part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." <u>Id.</u> § 924(e)(2)(A)(ii). Delivery of a controlled substance falls well within the concept of "distributing" a controlled substance. <u>Smith</u>, 775 F.3d at 1267–68; <u>United States v. Martin</u>, No. 17-11322, 2017 WL 6388852, at *2 (11th Cir. Dec. 14, 2017).

**(2) Robbery Convictions**

Similarly, petitioner asserts in his original Petition that his robbery convictions do not constitute predicate prior convictions because the Florida robbery statute sweeps too far, in violation of <u>Descamps</u>. (Cv. Docs. #2 at 3; #12 at 5.) As discussed above, <u>Descamps</u> does not address robbery convictions, which are not affected by <u>Descamps</u>. As discussed below, a Florida robbery conviction remains a "violent felony" after both <u>Descamps</u> and <u>Johnson</u>.

**(3)  Separate and Distinct Offenses**

Petitioner argues that his three robbery convictions should be counted as one prior conviction because he was sentenced for all three at the same proceeding to a consolidated sentence.  This argument is without merit.

The ACCA requires that the three prior offenses have been "committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  "To qualify under § 924(e)(1), prior convictions must have arisen from 'separate and distinct criminal episode[s]' and be for 'crimes that are temporally distinct.'"  United States v. Longoria, 874 F.3d 1278, 1281 (11th Cir. 2017) (quoting United States v. Sneed, 600 F.3d 1326, 1329 (11th Cir. 2010) (quotations omitted)).  "'[S]o long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA.'"  Longoria, 874 F.3d at 1281 (quoting United States v. Pope, 132 F.3d 684, 692 (11th Cir. 1998)).

The Presentence Report stated, without objection from petitioner, that petitioner was arrested on June 16, 2000 for a robbery without a weapon on April 28, 2000, pled nolo contendere on November 6, 2000, and was sentenced the same day; was arrested on June 16, 2000 for a different robbery on June 16, 2000, pled nolo contendere on November 6, 2000, and was sentenced the same day; and was arrested on June 20, 2000 for a June 8, 2000 robbery without a weapon, pled nolo contendere on November 6, 2000, and

was sentenced the same day.  This is sufficient to establish that the robberies were committed on different occasions.  United States v. Blair, 734 F.3d 218, 228 (11th Cir. 2013) (four robberies committed on or about three different dates satisfied requirement); United States v. Weeks, 711 F.3d 1255, 1261 (11th Cir. 2013); United States v. Spears, 443 F.3d 1358, 1360 (11th Cir. 2006). The fact that concurrent sentences were imposed in a single sentencing hearing does not change this result.  United States v. Wilks, 464 F.3d 1240, 1244 (11th Cir. 2006).

For the reasons set forth above, the original Petition is dismissed without prejudice, or in the alternative, is denied on the merits.

## IV. Supplemental Memorandum Claim

In his Supplemental Memorandum, petitioner asserts that, in light of Johnson, a Florida robbery conviction is no longer a "violent felony" under the ACCA.  While timely, this claim is without merit.

A Johnson claim meets the requirements of § 2255(f)(3), and therefore petitioner had until June 26, 2016 to file a motion asserting a Johnson claim.  Beeman, 871 F.3d at 1219.  Petitioner first raised a Johnson issue in a motion filed on July 30, 2015 (Cv. Doc. #13), and therefore this claim is timely.

The three robbery offenses occurred in 2000.  The pertinent Florida robbery statute in effect at that time provided:

- 20 -

"'Robbery' means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1) (2000). <u>Johnson</u> does not entitle petitioner to relief, however, because a conviction for robbery, in violation of Fla. Stat. § 812.13, still qualifies as a "violent felony" under the elements clause of the ACCA. <u>United States v. Fritts</u>, 841 F.3d 937 (11th Cir. 2016). As the Eleventh Circuit recently stated:

> We have held repeatedly that a conviction in Florida for robbery, Fla. Stat. § 812.13, qualifies categorically as a violent felony under the elements clause of the Act. <u>Fritts</u>, 841 F.3d at 939–42 (discussing <u>United States v. Dowd</u>, 451 F.3d 1244 (11th Cir. 2006), and <u>United States v. Lockley</u>, 632 F.3d 1238 (11th Cir. 2011)); <u>United States v. Seabrooks</u>, 839 F.3d 1326, 1338–45 (11th Cir. 2016). It makes no difference that Jackson was convicted under the 1974 statute instead of the 1987 statute that we considered in <u>Fritts</u>. Both statutes require that the offender take property "by force, violence, assault, or putting in fear." <u>See</u> Fla. Stat. § 812.13(1) (1974); <u>id.</u> § 812.13(1) (1987); <u>see also</u> <u>Seabrooks</u>, 839 F.3d at 1339 ("the robbery statute has included the requirement of 'force, violence, assault, or putting in fear' from the 1970's to the present"). Jackson's offense "requires [as an element] both 'resistance by the victim' and 'physical force by the offender' that overcomes that resistance." <u>Fritts</u>, 841 F.3d at 943 (quoting <u>Robinson v. State</u>, 692 So. 2d 883, 886 (Fla. 1997)); <u>see also</u> <u>Lockley</u>, 632 F.3d at 1245. <u>Fritts</u> "is the law of this Circuit[ and] ... bind[s] all subsequent panels unless and until the ... holding is overruled by the Court sitting en banc or by the Supreme Court." <u>Seabrooks</u>, 839 F.3d at 1341 (quoting <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001)).

United States v. Jackson, 704 F. App'x 911, 912 (11th Cir. 2017).
See also United States v. Gandy, 710 F.3d 1234, 1238 (11th Cir.
2013) (affirming district court's finding that Florida robbery is
an ACCA predicate offense).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Petitioner's Motion Under 28 U.S.C. Section 2255 to
Vacate, Set Aside or Correct Sentence by a Person in Federal
Custody (Cv. Doc. #1; Cr. Doc. #82), and supplemental memorandum
(Cv. Doc. #39), are **DISMISSED** as untimely and procedurally
defaulted, and alternatively **DENIED** on the merits.

2.   The Clerk of the Court shall enter judgment accordingly
and close the civil file.   The Clerk is further directed to place
a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL _IN
FORMA PAUPERIS_ ARE DENIED.**   A prisoner seeking a writ of habeas
corpus has no absolute entitlement to appeal a district court's
denial of his petition.   28 U.S.C. § 2253(c)(1); Harbison v. Bell,
556 U.S. 180, 183 (2009).   "A [COA] may issue . . . only if the
applicant has made a substantial showing of the denial of a
constitutional right."   28 U.S.C. § 2253(c)(B)(2).   To make such
a showing, petitioner "must demonstrate that reasonable jurists
would find the district court's assessment of the constitutional

claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

**DONE and ORDERED** at Fort Myers, Florida, this __29th__ day of January, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA